# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| William Dahl; and Reet Dahl, individually and on behalf of all others similarly situated;<br><br>    Plaintiffs,<br><br>v.<br><br>Goodwin Management, Inc. and<br>Manning & Meyers Attorneys at Law;<br><br>    Defendants. | Civil Action No: 3:20-cv-3294<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COME, Plaintiffs WILLIAM DAHL and REET DAHL ("Plaintiffs"), and they bring this Class Action by and through their attorneys, the Shawn Jaffer Law Firm, PLLC, against Defendant GOODWIN MANAGEMENT, INC. ("GOODWIN"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedures, *to wit*, for violations of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act ("FDCPA") and for violations of the Texas Debt Collection Act ("TDCA"). The Plaintiffs also bring an individual action against MANNING & MEYERS ATTORNEYS AT LAW ("M&M"), the Fair Debt Collection Practices Act ("FDCPA").

## PREMLIMINARY STATEMENT

1. This is a class action for actual and statutory damages, injunctive relief, costs, and attorney's fees pursuant to the FDCPA and TDCA against Goodwin.

2. This is an individual action for actual and statutory damages, injunctive relief, costs, and attorney's fees pursuant to the FDCPA against M&M.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

4. This Court has supplemental jurisdiction for any state law claims under 28 U.S.C. §§ 1367.

5. Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

**Plaintiff:**

6. Plaintiffs are natural persons residing at 238 Pleasant Hill, Rockwall, Texas 75032.

7. Plaintiffs allegedly are obligated to pay a debt to the Defendants.

8. Plaintiff is a "Consumer" meaning any natural person obligated or allegedly obligated to pay any debt.

9. Plaintiff is allegedly obligated to pay a debt for a Quail Creek HOA with an alleged balance of $5,385.

10. The "Original Creditor" is Quail Creel HOA.

11. The alleged debt at issue is an obligation or alleged obligation of a Consumer to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

**Defendant Goodwin:**

12. Defendant GOODWIN is a company that is organized under the laws of the State of Texas.

13. Defendant GOODWIN is a collection agency and maintains a registered agent for service of process: CT Corporation System, at 1999 Bryan St, Suite 900, Dallas, TX 75201.

14. Defendant GOODWIN is a "Debt Collector" meaning any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due another.

15. Defendant GOODWIN engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

16. GOODWIN sent Plaintiff's letters where it identified itself as a debt collector and claimed it was required to disclose that under the FDCPA and TDCA. See Exhibit B.

17. At all times material hereto, Defendant GOODWIN was acting as a debt collector in respect to the collection of Plaintiff's alleged debts.

**Defendant M&M:**

18. Defendant M&M is a company that is organized under the laws of the State of Texas.

19. Defendant M&M is a collection agency and law firm that can be served at its headquarters at 4340 N. Central Expressway, Suite 200, Dallas, Texas 75206.

20. Defendant M&M is a "Debt Collector" meaning any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due another.

21. Defendant M&M engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

22. At all times material hereto, Defendant M&M was acting as a debt collector in respect to the collection of Plaintiff's alleged debts.

23. When Plaintiff called M&M offices at (214) 823-6600 the recording plays saying "This office is a debt collector and attempting to collect a debt. Any information obtained will be used for that purpose."

24. Defendant M&M is bonded with the Texas Secretary of State as a debt collector. See Exhibit A.

## CLASS ALLEGATIONS

25. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

26. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

27. The Class consists of:

   (1) all individuals with addresses in the State of Texas;

   (2) to whom Defendant Goodwin sent a collection letter attempting to collect a consumer debt;

   (3) which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

28. The identities of all class members are readily ascertainable from the records of the Defendant Goodwin and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

29. Excluded from the Plaintiff Classes are the Defendants' and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

30. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violates 15 U.S.C. §§ l692 et al. and Section 392 et al.., the TDCA.

31. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

32. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

- (1) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleged, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

- (2) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions have predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the

forms attached as Exhibit A violates 15 U.S.C. §§ 1692 et al. and Section 392 et al.

(3) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff's Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(4) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(5) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because an individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

33. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

**Defendant Goodwin's Violation**

35. On or about April 1, 2019 and in the course of the year 2019, Defendant Goodwin sent Plaintiffs collection letters ("Letters") to collect an alleged debt owed to Quail Creek HOA in a series of amounts from Quail Creek HOA. The Letters are attached hereto as Exhibit "B".

36. Plaintiffs were sent to collections for an alleged debt in sum of $5,385. See attached hereto a true and correct copy of credit reporting for Plaintiffs as Exhibit "B".

37. Defendant GOODWIN does not have a debt collection bond with the Texas Secretary of State. See attached hereto a true and correct copy of the debt collector search as Exhibit "C".

38. Defendant GOODWIN has engaged in illegal and unlawful debt collection activities within Texas by engaging in debt collection without posting a debt collection bond with the Texas Secretary of States Office as required by the TDCA.

39. Plaintiff do not owe Quail Creek HOA $5,385.00.

40. Defendant GOODWIN also violated the FDCPA and TDCA when it attempted to collect an amount from Plaintiffs that was not authorized by agreement or law.

41. GOODWIN has used false, deceptive or misleading representations or **means** in the collection of the alleged debt when it unlawfully engaged in debt collection activities against the Plaintiff and the putative class without first posting a bond with the Texas Secretary of State's office.

42. Goodwin also violated the FDCPA and TDCA when it falsely credit reported the status of the Consumer Debt with a inacurrate status, dates, and amounts to the consumer credit reporting agencies.

43. This has caused the Plaintiffs injury by the denial of credit and injured their ability to obtain credit and financing at reasonable terms.

**Defendant Manning & Meyers Violation**

44. M&M sent Plaintiffs a series of collection letters and made a series of phone calls in an attempt to collect a debt allegedly owed to Qual Creek HOA.

45. M&M unlawfully increases the balance of the Consumer Debt by unlawfully adding attorneys fees, other fees, and charges when it is not authorized to do under any agreement or under any law.

46. M&M has engaged in unfair or unconscionable means to collect or attempt to collect the alleged debt by attempting to collect an unauthorized amount.

47. This has caused the Plaintiffs injury by the denial of credit, injured their ability to obtain credit and financing at reasonable terms, and the incursion of attorneys in another matter to defend against a frivolous lawsuit filed against the Plaintiffs by Quail Creek HOA to collect an unauthorized amount.

**COUNT I**
**CLASS ACTION VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT  15 U.S.C. §1692e & 1692f *et seq.* AGAINST DEFENDANT GOODWIN**

48. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

49. GOODWIN's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

50. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

> (1) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C. §1692e;
>
> (2) The false representation of – the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2); and
>
> (3) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692e(10)

51. Section §1692f provides a non-exhaustive list of unfair or unconscionable means to collect or attempt to collect any debt.

> (1) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. §1692f; and
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. §1692f(2).

52. For these reasons the GOODWIN violated the FDCPA and is liable to the Plaintiff and putative class for statutory damages, costs, and attorney's fees.

53. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## COUNT II
## INDIVIDUAL ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT  15 U.S.C. §1692e & 1692f *et seq.* AGAINST DEFENDANT GOODWIN

54. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

55. GOODWIN's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

56. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

   (4) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C. §1692e;

   (5) The false representation of – the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2); and

   (6) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692e(10)

57. Section §1692f provides a non-exhaustive list of unfair or unconscionable means to collect or attempt to collect any debt.

   (2) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. §1692f; and

   (2) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. §1692f(2).

58. For these reasons the GOODWIN violated the FDCPA and is liable to the Plaintiff and putative class for actual and statutory damages, costs, and attorney's fees.

59. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## COUNT III
## CLASS ACTION VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT AS TO DEFENDANT GOODWIN

60. Plaintiffs re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

61. GOODWIN's debt collection efforts against Plaintiff violated various provisions of the TDCA.

62. Section 392.101 provides a bond requirement to engage in Debt Collection in the State of Texas:

63. Third-party debt collector or credit bureau may not engage in debt collection unless the third-party debt collector or credit bureau has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section.

64. For the aforementioned-reasons, Defendant Goodwin violated the TDCA with no surety bond on file with the Texas Secretary of State.

65. Section 392.304 provides a non-exhaustive list of Fraudulent, Deceptive, or Misleading Representations prohibited by a debt collector:

    (a)    misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding; Tex. Fin. Code Ann. § 392.904(8); and

(b)  using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Tex. Fin. Code Ann. §392.904(19).

66. For the aforementioned-reasons, Defendant Goodwin violated the TDCA.

67. For these reasons, Goodwin is liable to Plaintiffs for actual damages, costs, and reasonable attorney's fees.

**COUNT IV**
**INDIVIDUAL ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e & 1692f *et seq.* AGAINST DEFENDANT M&M**

68. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

69. M&M debt collection efforts against Plaintiff violated various provisions of the FDCPA.

70. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

(7) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C. §1692e;

(8) The false representation of – the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2); and

(9) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692e(10)

71. Section §1692f provides a non-exhaustive list of unfair or unconscionable means to collect or attempt to collect any debt.

> (3) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. §1692f; and
>
> (3) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. §1692f(1).

72. Defendant violated 15 U.S.C. §1692e, e(2), e(10), §1692f, and f(1) when the M&M provided false, deceptive or misleading settlement savings percentages.

73. For these reasons, the M&M is liable to the Plaintiff for actual and statutory damages, costs, and attorney's fees.

74. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## DEMAND FOR TRIAL BY JURY

75. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

> (1) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff's as Class Representative, and Shawn Jaffer, Esq. as Class Counsel;
>
> (2) Awarding Plaintiff and the Class statutory damages under the FDCPA against Goodwin;

(3) Awarding Plaintiff and the Class actual damages under the TDCA against Goodwin;

(4) Awarding Plaintiff actual damages under the FDCPA against Goodwin;

(5) Awarding Plaintiff actual and statutory damages under the FDCPA against M&M;

(6) Awarding Plaintiff actual damages under the TDCA against M&M;

(7) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses under the FDCPA and TDCA;

(8) Awarding pre-judgment interest and post-judgment interest; and

(9) Awarding Plaintiff and the Class such other or further relief as the Court deems proper.

DATED: October 30, 2020                    Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

/s/ *Shawn Jaffer*_____.
Shawn Jaffer
TX Bar No.: 24107817
13601 Preston Rd., Suite E750
Dallas, Texas 75240
Phone: (214) 494-1668
Fax:    (469) 669-0786
Email: Shawn@jaffer.law
*Attorney for Plaintiffs William Dahl*
*And Reet Dahl, individually and on behalf*
*of all others similarly situated.*